# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>        Plaintiff,<br><br>    v.<br><br>JASKIRAT KAUR BRAR, individually and doing business as Mega Liquor,<br><br>        Defendant. | Case No. 1:22-cv-01317-SAB<br><br>ORDER VACATING MARCH 29, 2023 HEARING<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 8)<br><br>**FOURTEEN DAY DEADLINE** |

      Currently before the Court is Plaintiff Hendrik Block's motion for default judgment, filed on February 8, 2023. (ECF No. 8.) No oppositions were filed and the deadline to do so has now expired. Accordingly, the Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Thus, the hearing set for March 29, 2023, will be vacated and the parties will not be required to appear at that time. Having considered the moving papers, the declarations and exhibits attached thereto, supplemental briefing, as well as the Court's file, the Court issues the following findings and recommendations recommending Plaintiff's motion for default judgment be DENIED for inadequate service of the summons and complaint.

# I.

# BACKGROUND

## A. Procedural History

On October 14, 2022, Plaintiff filed this action against Defendant Jaskirat Kaur Brar ("Brar"), individually and doing business as Mega Liquor. (ECF No. 1.)

The proof of service for Brar indicates Plaintiff served Defendant with the summons and complaint by substituted service at 2568 Rall Ave., Clovis, California 93611, on November 9, 2022, by serving a "Jane Doe," described as "a competent member of the household (at least 18 years of age) at the dwelling house of usual place of abode of the person served." (ECF No. 4.)

Defendant did not respond to the complaint, and Plaintiff requested default be entered against Brar, individually and dba Mega Liquor, on December 22, 2022. (ECF No. 5.) The Clerk of Court entered default against Brar on December 23, 2022. (ECF No. 6.)

Plaintiff filed the instant motion against Defendant on February 8, 2023. (ECF No. 8.) A hearing on the motion is currently set for March 29, 2023. No opposition to Plaintiff's motion has been filed.

## B. Plaintiff's Allegations

The complaint asserts claims for violations of the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act (the "Unruh Act"), and denial of full and equal access to public facilities pursuant to California Health and Safety Code §§ 19953 *et seq.* against Defendant, the purported owner/operator/leaser of the facility Mega Liquor at 777 West Ashlan Avenue, Clovis, California 93612. (ECF No. 1 at 1, 4–8.) Plaintiff alleges Mega Liquor is a store open to the public, intended for non-residential use, its operation affects commerce, and it is a "public accommodation" as defined by 42 U.S.C. § 12181(7)(F). (Id. at 2.)

Plaintiff alleges he is substantially limited in his ability to walk, and must use a cane, walker, wheelchair or electric scooter for mobility. (Id.) Plaintiff regularly travels to the area where Mega Liquor is located for weekly shopping and to attend church nearby. (Id.) He visited the facility on June 20, 2022, to purchase a soda and a hat. (Id.) During the visit, Plaintiff alleges he encountered barriers that interfered with and denied his ability to use and enjoy the goods,

services, privileges, and accommodations offered at the facility.  (Id.)  More specifically, Plaintiff identifies the following barriers:

> **a) Lack of []properly configured ramp leading to Facility entrance**
>
> The route of travel from the designated parking stall to the Facility entrance contained a curb ramp with a dome plate that was warped and damaged, that created an excessive vertical change in level.  Plaintiff struggled to overcome the height change in his wheelchair….
>
> **b) Lack of accessible route from parking to Facility entrance**
>
> Plaintiff encountered difficulties with the walkway between the curb ramp and the Facility entrance that was excessively cross-sloped toward the parking lot.  The excessive cross-slope caused Plaintiff's wheelchair to veer to the side as he made his way toward the entrance.  Plaintiff found it difficult to control his wheelchair so that he did not roll off the sidewalk….
>
> **c) Lack of accessible transaction counter**
>
> The transaction counter was not accessible to Plaintiff because it was obstructed with merchandise that made it difficult for Plaintiff to pay for his purchase as he had to reach over the obstructions to the counter.

(Id. at 3; ECF No. 8-1 at 4–5.)  Plaintiff asserts the described barriers constitute noncompliance with the 1991 ADA Accessibility Guidelines ("1991 Standards") and/or the 2010 ADA Standards for Accessible Design ("ADAAG"), as well as California Civil Code § 51 and Health and Safety Code §§ 19955(a) and 19959.  (ECF No. 1 at 7–8; ECF No. 8-1 at 4–5.)  Plaintiff further alleges Defendant knew or should have known of the barriers, and that Defendant has the financial means to remove them but refuses to do so.  (ECF No. 1 at 3–4.)  Plaintiff claims the obviousness of the barriers is sufficient to establish discriminatory intent.  (Id. at 4.)

As a result of the aforementioned barriers, Plaintiff contends Mega Liquor's goods, services, facilities, privileges, advantages, and accommodations were unavailable to him due to his physical disabilities and Plaintiff will return to Mega Liquor once the barriers are removed.  (Id. at 3.)  Plaintiff seeks injunctive relief, statutory damages, attorneys' fees, and costs.  (Id. at 8; ECF No. 23-1 at 2.)

///

## II.

## LEGAL STANDARD

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)). Pursuant to Federal Rule of Civil Procedure ("Rule") 55, obtaining a default judgment is a two-step process. Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b). Rule 55(b)(2) provides the framework for the Court to enter a default judgment:

> (b) Entering a Default Judgment.
>
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Id.

The decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default

1    judgment."). The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that
2    the Court may consider in exercising its discretion: (1) the possibility of prejudice to the plaintiff;
3    (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum
4    of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)
5    whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal
6    Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471–72.

7        Generally, once default has been entered, "the factual allegations of the complaint, except
8    those relating to damages, will be taken as true." Garamendi v. Henin, 683 F.3d 1069, 1080 (9th
9    Cir. 2012) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)); see also Fed.
10   R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is
11   admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the
12   amount of damages must be proven at an evidentiary hearing or through other means. Microsoft
13   Corp. v. Nop, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008). Additionally, "necessary facts not
14   contained in the pleadings, and claims which are legally insufficient, are not established by
15   default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citation
16   omitted). The relief sought must not be different in kind or exceed the amount that is demanded
17   in the pleadings. Fed. R. Civ. P. 54(c).

## III.

## DISCUSSION

20       Before it may evaluate the Eitel factors to determine whether default judgment should be
21   entered, the Court must first determine whether it properly has jurisdiction in this matter.

### A. Subject Matter Jurisdiction

23       Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to
24   that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28
25   U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the
26   Constitution, laws, or treaties of the United States.' "A case 'arises under' federal law either
27   where federal law creates the cause of action or where the vindication of a right under state law
28   necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez,

1  277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v.
2  Constr. Laborers Vacation Tr., 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he presence or
3  absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which
4  provides that federal jurisdiction exists only when a federal question is presented on the face of
5  the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at 1089
6  (citations omitted).

7  Plaintiff brings this action alleging violations of the ADA of 1990, 42 U.S.C. §§ 12101, *et
8  seq*. Therefore, the Court has original jurisdiction under 28 U.S.C. § 1331.  In addition, the Court
9  may exert supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's related state
10  law claims under the Unruh Act, California Civil Code §§ 51, *et seq.*, and Cal. Health & Safety
11  Code §§ 19953, *et seq.*

12  **B.   Jurisdiction Over Defendant Jaskirat Kaur Brar**

13  1.   Legal Standard for Service of Process

14  As a general rule, the Court considers the adequacy of service of process before evaluating
15  the merits of a motion for default judgment.  See J & J Sports Prods., Inc. v. Singh, No. 1:13-cv-
16  1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); Penpower Tech. Ltd. v.
17  S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); Mason v. Genisco Tech. Corp., 960
18  F.2d 849, 851 (9th Cir. 1992) (stating that if party "failed to serve [defendant] in the earlier
19  action, the default judgment is void and has no res judicata effect in this action.").  Service of the
20  summons and complaint is the procedure by which a court having venue and jurisdiction of the
21  subject matter of the suit obtains jurisdiction over the person being served.  Miss. Publ'g Corp. v.
22  Murphree, 326 U.S. 438, 444–45 (1946); see Direct Mail Specialists, Inc. v. Eclat Computerized
23  Techs., Inc. (Direct Mail), 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have
24  jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P.
25  4.").

26  Service of a complaint in federal court is governed by  Rule 4.  Under Rule 4, an
27  individual may be served by: (1) delivering a copy of the summons and the complaint to that
28  person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode

1   with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to
2   an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P.
3   4(e)(2).

4   "Rule 4 is a flexible rule that should be liberally construed so long as a party receives
5   sufficient notice of the complaint." Direct Mail, 840 F.2d at 688 (quoting United Food & Com.
6   Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).  However, "without
7   substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the
8   complaint will provide personal jurisdiction.' " Direct Mail, 840 F.2d at 688 (quoting Benny v.
9   Pipes, 799 F.2d 489, 492 (9th Cir. 1986)). "Once service is challenged, plaintiffs bear the burden
10  of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th
11  Cir. 2004) (citations omitted). "[A] signed return of service constitutes prima facie evidence of
12  valid service which can be overcome only by strong and convincing evidence." SEC v. Internet
13  Sols. for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir. 2007).

14  Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P.
15  4(e)(1). California law permits substitute service by leaving a copy of the summons and
16  complaint at the defendant's usual place of abode (i.e., dwelling), usual place of business, or
17  usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. §
18  415.20(b). Copies of the summons and complaint must be left "in the presence of a competent
19  member of the household or a person apparently in charge of [the defendant's] office, place of
20  business, or usual mailing address," and copies must thereafter be mailed to the defendant at the
21  same address where the documents were left. Id. Substitute service is permitted only "[i]f a copy
22  of the summons and complaint cannot with reasonable diligence be personally delivered to the
23  person to be served[.]" Id.

24      2.    Analysis

25  As noted, the proof of service for Brar indicates Plaintiff served Brar with the summons
26  and complaint November 9, 2022, by substituted service on a co-occupant of Brar's residence.
27  (ECF No. 4 at 2.) The service affidavit indicates service was effected at 2568 Rall Ave., Clovis,
28  California 93611, "[b]y leaving the copies with or in the presence of Jane Doe (F, I, 45-55, 5'5-

1  6'0, 160-190), a competent member of the household (at least 18 years of age) at the dwelling
2  house or usual place of abode of the person served." (Id.) The service affidavit further states "I
3  informed him/her of the general nature of the papers. I caused the copies to be mailed (if
4  applicable). A declaration of mailing is attached." (Id.) The declaration of mailing indicates
5  copies of the summons and complaint documents were mailed to the same address on Rall Ave.
6  on November 17, 2022, "after substituted service under section CCP 415.20(a) or 415.20(b) or
7  FRPC 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable) …." (Id. at 3.)

8  The Court is unpersuaded that Plaintiff has properly effected service on Defendant Brar.
9  As noted, substitute service is permitted only "[i]f a copy of the summons and complaint cannot
10 with reasonable diligence be personally delivered to the person to be served[.]" Cal. Code Civ.
11 Proc. § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect
12 personal service and each case must be judged upon its own facts." Evartt v. Super. Ct., 89 Cal.
13 App. 3d 795, 801 (Cal. Ct. App. 1979). "Although there is no established formula for reasonable
14 diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily
15 qualifies as 'reasonable diligence.' " Johnson v. Bozorghadad, No. 17-cv-06536-HSG, 2020 WL
16 1245122 (N.D. Cal. Mar. 16, 2020), at *3 (citation, internal quotation marks, and alteration
17 omitted). Here, the Court cannot discern that the process server demonstrated reasonable
18 diligence in attempting to personally serve Brar before proceeding with substitute service.
19 Nothing in the service affidavit indicates the process server made any prior attempts to personally
20 serve Brar before she resorted to substituted service, nor does the affidavit assert any other facts
21 demonstrating reasonable diligence. Thus, reasonable diligence is not established. Cal. Civ.
22 Proc. Code § 415.20(b); Evartt, 89 Cal. App. 3d at 801; Johnson, 2020 WL 1245122, at *3.

23 Relatedly, to the extent Plaintiff is attempting to serve the business entity Mega Liquor,[1]
24 California law, like Rule 4, requires service on a corporate entity to be effected on the person
25 designated as an agent for service of process, or the "president, chief executive officer, or other
26 head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant

---

[1] The executed proof of service indicates service was effected on Jaskirat Kaur Brar, individually *and dba Mega Liquor*. (ECF No. 4 at 2 (emphasis added).)

treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a)–(b); see also Johnson v. Bozorghadad, No. 17-cv-06536-SVK, 2020 WL 963377, at *4 (N.D. Cal. Feb. 28, 2020) (rejecting service not effected at correct place of business); see also Bakersfield Hacienda, Inc. v. Superior Ct. In & For Kern Cnty., 199 Cal. App. 2d 798, 803–05 (Ct. App. 1962) (finding "utter failure to show any diligence whatsoever in attempting to serve a corporate defendant by personal service on one of [its] officers" where service was only attempted on the general manager of the motel and not the general manager of the corporation). Jane Doe does not appear to hold any of these positions with Mega Liquor, and there is no indication she is the designated agent for service of process for Mega Liquor. See, e.g., Schagene v. Northrop Grumman, No. 11 CV 1642 AJB NLS, 2012 WL 216531, at *2–3 (S.D. Cal. Jan. 24, 2012) ("Under Rule 4(h)(1)(B), valid service of process requires 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment by law to receive service of process.' ... Even if Ms. Davis had been employed by Defendant as of the date of the attempted service of process, she was not an officer, managing or general agent, or an agent authorized by law to receive service of process on behalf of Defendant."); TMX Logistics, Inc. v. FF Trucking, Inc., No. CV 14-00873 PSG (ASx), 2014 WL 12691618, at *1–2 (C.D. Cal. Sept. 5, 2014) ("However, neither the declaration nor the relevant proof of service indicates that (1) Eduardo Fernandez, agent of FF Logistics, was personally served; or that (2) Celeste Aguila is 'an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process' on behalf of FF Logistics."). Plaintiff avers, through the declaration of counsel, that several documents were mailed to Defendant "via its registered agent" (Moore Decl. ¶ 18, ECF No. 8-2 (citing ECF No. 5-2)); however, the Court notes Mega Liquor is not registered as a corporation, LLC, or LP on the business entity page of the California Secretary of State webpage, and therefore does not identify any registered agent. See UCC Search: Mega Liquor – Clovis, CA, https://bizfileonline.sos.ca.gob/search/ucc (last visited Mar. 15, 2023).[2] Rather, the only address

---

[2] Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it … can be accurately

1    provided on that webpage for Brar is the address at 777 W. Ashlan Ave., Clovis, California
2    93612.  Nowhere in the record, however, does Plaintiff indicate service was ever attempted at the
3    W. Ashlan address; rather, Plaintiff has only served documents at the address at 2568 Rall
4    Avenue, Clovis, California 93611.  (See, e.g., ECF No. 4 at 2; ECF No. 5-2 at 2; ECF No. 8-7 at
5    2.)  On this basis, too, service on Mega Liquor was not properly effected via Doe at the Rall Ave.
6    address.  See Johnson, 2020 WL 963377, at *4; Bakersfield Hacienda, Inc., 199 Cal. App. 2d at
7    803–05; TMX Logistics, Inc., 2014 WL 12691618, at *1–2.

8    Furthermore, the Court is unpersuaded that "Jane Doe" was the appropriate person for
9    substituted service of Brar.  "For substituted service to be reasonably calculated to give an
10   interested party notice of the pendency of the action and an opportunity to be heard, service must
11   be made upon a person whose relationship to the person to be served makes it more likely than
12   not that they will deliver process to the named party."  Produce v. Cal. Harvest Healthy Foods
13   Ranch Mkt., No. C-11-04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012) (internal
14   quotation marks, alteration, and citations omitted).  "[I]f service [is] improper, that may well
15   explain the failure of a defendant to appear in a lawsuit."  Folkmanis, Inc. v. Uptown Toys LLC,
16   No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation
17   marks and citation omitted).  Here, the service affidavit's statement that Doe is "a competent
18   member of [Brar's] household" (ECF No. 4 at 2) is wholly conclusory (and appears boilerplate),
19   as it does not include any facts to describe how substitute service was completed or describe
20   facts to support the process server's determination that Doe was a "member of the household" at
21   2568 Rall Ave., Clovis, California 93611; further, Plaintiff has provided no additional evidence
22   in support of such a contention.  See Coach Inc. v. Envy, No. 1:11-cv-1029 LJO GSA, 2012 WL
23   78238, at *2–3 (E.D. Cal. Jan. 10, 2012) ("Here, the proof of service indicates that Envy was
24   served by leaving the summons at Defendant's place of business with 'Ninehra Babazade

---

and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts may take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein.  Daniels-Hall v. Nat'l. Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).  Specifically, Courts routinely take judicial notice of information contained in the California Secretary of State's website.  See No Cost Conf., Inc. v. Windstream Commc'ns, Inc., 940 F. Supp. 2d 1285, 1296 (S.D. Cal. 2013); Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015); L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 937 (C.D. Cal. 2011).

1    Ehsaralahn-store clerk (E IND., F., 21, BLK, 5'4 130 lbs).' ... There is no indication that the store
2    clerk is authorized to receive service under F. R. Civ. P. 4(h).""); Floyd v. Saratoga Diagnostics,
3    Inc., No. 20-cv-01520-LHK, 2020 WL 3035799, at *3 (N.D. Cal. Jun. 5, 2020) ("John Doe
4    refused to identify himself, and thus Plaintiff was unable to ascertain whether John Doe was
5    'apparently in charge,' as required for substitute service to be effective under Cal. Code Civ.
6    Proc. § 415.20(a) [substitute service on natural person]."); Dytch v. Bermudez, No. 17-cv-02714-
7    EMC, 2018 WL 2230945, at *3 n.2 (N.D. Cal. May 16, 2018) ("Rather than re-serve the
8    complaint, Plaintiff filed a revised proof of service from the process server which recites, in a
9    formulaic and conclusory fashion, that John Doe was 'apparently in charge.'  The affidavit lacks
10   factual detail.  It does not identify the particular person served ... Courts are also wary of proofs
11   of service that do not identify on whom service was made because 'if no ... receiving individual
12   is specified on the return of service, a movant [to set aside default judgment] has little or no basis
13   on which to challenge the alleged service of process.' ") (quoting Homer v. Jones-Bey, 415 F.3d
14   748, 754 (7th Cir. 2005)) (bracketed alteration in original).  Because the process server was
15   unable to so much as ascertain Doe's identity, it remains unclear how the process server was able
16   to confirm other information critical to effecting substitute service, such as whether Doe was a
17   co-occupant of the household—rather than, for example, a visitor—or whether Doe spoke
18   English, so as to be a "competent" member of the household.

19   For this same reason, the Court is not entirely persuaded that substitute service has been
20   effectuated through Doe, where the process server offers only boilerplate statements that service
21   was effected "[b]y leaving the copies *with or in the presence of* Jane Doe," and "I informed
22   *him/her* of the general nature of the papers."[3]  (ECF No. 4 at 2 (emphasis added).)  Notably, no
23   facts are proffered to demonstrate Doe actually understood the significance of the documents
24   being handed to her, or that she was required to forward the documents to Brar.  Indeed, the Court
25   is skeptical that much of a conversation between the process server and Doe occurred, in light of

---

[3] The Court also notes the boilerplate language that service was made pursuant to "section CCP 415.20(a) *or* 415.20(b) *or* FRPC 4(e)(2)(B) *or* FRCP 4(h)(1)(B) was made (*if applicable*)" (see ECF No. 4 at 2 (emphasis added)) does not actually identify which rule or statute was followed in order to establish that substitute service was, in fact, in compliance with any of the aforementioned legal authorities.

the fact that the process server was unable to ascertain Doe's name. Yet, "[t]his requirement is critical because if [the person who is "apparently in charge"] did not know or understand the significance of the documents that [the process server] handed him, the documents may have ended up in a junk pile or recycling bin, rather than in [the defendant's] hands." Bouyer v. 603 San Fernando Rd., LLC, No. CV-20-3853-MWF (PVCx), 2020 WL 7711840, at *2 (C.D. Cal. Nov. 2, 2020). Thus, the substituted service does not appear sufficient for default judgment to be entered against Brar.

Finally, the Court expresses its skepticism that service was effected on an appropriate address for Brar. To this point, the Court notes Plaintiff has not submitted sufficient evidence to establish that Brar resides at the Rall Ave. address. None of the supporting declarations submitted by Plaintiff describe how the Rall Ave. address was determined to be the correct residential address for Brar. For example, Plaintiff does not aver he discovered the address via a public records database search, or took other steps to verify the address before attempting substitute service at the Rall Ave. address. Instead, Plaintiff attaches copies of a real property grant deed and a liquor license with the California Department of Alcoholic Beverage Control. (Ex. E, ECF No. 8-3 at 10–13; Ex. F, ECF No. 8-3 at 14–16.) The license information held by the Alcoholic Beverage Control, however, indicates only that Brar is the primary owner of Mega Liquor, which is located at 777 W. Ashlan Ave., Clovis, California, 93612. (ECF No. 8-3 at 15.) The liquor license does not identify the Rall Ave. address as Brar's address. Meanwhile, the grant deed, which indicates a parcel was deeded to Brar on January 9, 2019, confirms Brar's mailing address *at that time* was 2568 Rall Avenue, Clovis, California, 93611-8936. (ECF No. 8-3 at 11.) However, this grant deed was recorded on May 2, 2019, and Plaintiff provides no averment or other evidence to demonstrate that the address identified therein remains current, or at the very least was current as of the date of service of process on November 9, 2022 (three and a half years after the deed was recorded). To the contrary, an independent review of the UCC database on the California Secretary of State's business entity webpage reveals Brar's personal address, as of the filing date of October 3, 2019, is identified as 777 W. Ashlan Ave., Clovis, California 93612. Thus, the Court cannot conclude Plaintiff's substitute service of documents at

the Rall Ave. address is sufficient for default judgment to be entered against Brar.

At bottom, had Brar been adequately served, it is possible she could have answered and potentially raised a meritorious defense. See Folkmanis, Inc., 2018 WL 4361140, at *2. Based on the foregoing, the Court finds service is not adequate as to Defendant Brar and recommends denying Plaintiff's motion for default judgment without prejudice for inadequate service of the summons and complaint.

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that:

1. The hearing set for March 29, 2023, is VACATED; and
2. The Clerk of Court shall randomly assign a District Judge to this action.

Furthermore, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for default judgment (ECF No. 8) be DENIED for inadequate service of the summons and complaint.

Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendant at Defendant's last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///
///
///

13

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2023**

UNITED STATES MAGISTRATE JUDGE

14