UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JASKIRAT KAUR BRAR,<br><br>　　　　　Defendant. | No. 1:22-cv-01317-ADA-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 8, 10, 13) |

On October 14, 2022, Plaintiff Hendrik Block ("Plaintiff") filed this action against Defendant Jaskirat Kaur Brar ("Defendant"), individually and doing business as Mega Liquor, asserting claims for violations of the American with Disabilities Act, California Unruh Civil Rights Act, and denial of full and equal access to public facilities pursuant to California Health and Safety Codes §§ 19953 *et seq*. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Since Defendant did not respond to the complaint, on December 22, 2022, Plaintiff filed a request for entry of default. (ECF No. 5.) On December 23, 2022, the Clerk of Court entered default against Defendant. (ECF No. 6.) On February 8, 2023, Plaintiff filed the instant motion for default judgment against Defendant. (ECF No. 8.) On March 16, 2023, the assigned Magistrate Judge issued findings and recommendations, recommending that Plaintiff's motion for default judgment be denied for inadequate service of the summons and complaint. (ECF No. 10.) The

findings and recommendations contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 14.) On March 29, 2023, the Defendant filed a notice of change of address. (ECF No. 12.) On March 30, 2023, Plaintiff timely filed objections to the findings and recommendations. (ECF No. 13.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the findings and recommendations are supported by the record and proper analysis.

In his objections, Plaintiff argues that since Defendant filed a notice of change of address with the Court on March 29, 2023, this is clear "evidence that Defendant has received notice of this action." (ECF No. 13 at 1.) Plaintiff also argues that Defendant was served pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) "which permits leaving the document at the defendant's residence with someone of suitable age and discretion who resides there" and that the statute does not have a "due diligence" prerequisite; thus, Defendant was properly served. (*Id*. at 2.)

The Court is unpersuaded by Plaintiff's objections for several reasons. First, actual notice of a lawsuit is not the same as proper service. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc. (Direct Mail)*, 840 F.2d 685, 688 (9th Cir. 1988) quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (stating that "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction'").

Second, the Court agrees with the Magistrate Judge that Plaintiff has failed to properly effect service on Defendant. It is true that pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), a plaintiff need not show an inability to obtain service by personal delivery to the defendant before doing substitute service. *See* Fed. R. Civ. Pro. 44(e)(2)(B). However, the requirement that the recipient of the summons and complaint be someone "who resides there" has long been held to mean that the recipient must be actually living in the same place as the defendant who is to be served. *Hill v. City of Detroit*, No. 11-10413, 2011 WL 2694540, at *1 (E.D. Mich. July 12, 2011); *United States v. Rose*, 437 F. Supp. 2d 1166, 1172 (S.D. Cal. 2006) (stating that where substitute

2

service is used, the person with whom the summons is left must also be a resident of the "usual place of adobe"). As the Magistrate Judge explained, the service affidavit's statement that Jane Doe is "a competent member of [Defendant's] household," (ECF No. 4 at 2), does not make it clear to the Court that Jane Doe was actually residing at Defendant's usual place of abode. (ECF No. 10 at 10.) The Plaintiff does not include any facts to describe how substitute service was completed or describes facts to support the process server's determination that Jane Doe was a "member of the household," making the statement wholly conclusory and even appears boilerplate. (*Id*.)

The Court also agrees with the Magistrate Judge that "[b]ecause the process server was unable to so much as ascertain Doe's identity, it remains unclear how the process server was able to confirm other information critical to effecting substitute service, such as whether Doe was a co-occupant of the household—rather than, for example, a visitor—or whether Doe spoke English, so as to be a 'competent' member of the household." (*Id*. at 11.) Further, "[o]nce service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). Due to the lack of facts in Plaintiff's motion for default judgment, the Court agrees with the assigned Magistrate Judge that Plaintiff has failed to carry his burden of establishing that service was proper under Rule 4.

**[REMAINDER OF DOCUMENT LEFT INTENTIONALLY BLANK]**

Accordingly,

1. The findings and recommendations issued on March 16, 2023, (ECF No. 10), are ADOPTED in FULL; and

2. Plaintiff Hendrik Block's motion for default judgment, (ECF No. 8), is DENIED.

IT IS SO ORDERED.

Dated: July 26, 2023

UNITED STATES DISTRICT JUDGE

4